## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY SCHULTZ and PATRICIA SCHULTZ,<br><br>              Plaintiffs,<br><br>     v.<br><br>SAKAYE ICHIMOTO, et al.,<br><br>              Defendants. | 1:08-cv-0526 OWW SMS<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Discovery Cut-Off: 8/31/10<br><br>**Non-Dispositive Motion Filing Deadline: 9/15/10**<br><br>**Dispositive Motion Filing Deadline: 10/15/10**<br><br>**Settlement Conference Date: 9/14/10 10:00 Ctrm. 7**<br><br>**Pre-Trial Conference Date: 1/10/11 11:00 Ctrm. 3**<br><br>**Trial Date: 3/29/11 9:00 Ctrm. 3 (CT-45 days)** |

I.   Date of Scheduling Conference.

     February 20, 2009.

II.  Appearances Of Counsel.

     Scharf, Brady & Vinding by Jeffory J. Scharff, Esq., appeared on behalf of Plaintiffs.

     Dowling, Aaron & Keeler, Inc., by Paul Parvanian, Esq., appeared on behalf of Defendant Sakaye Ichimoto.

     Dowling, Aaron & Keeler, Inc., by Kenton J. Klassen, Esq.,

1

1  appeared on behalf of William Jamison and Cinda Jamison.

2      Caulfield, Davies and Donahue, LLP by James R. Donahue,
3  Esq., and Joseph Maloney, Esq., appeared on behalf of Defendant
4  George A. Wolfe and Frances E. Wolfe.

5      Jamison & Chappel by Gregory M. Chappel, Esq., appeared on
6  behalf of Defendants Margaret A. Jamison, Drew Ratzloff and Cindy
7  Ratzloff.

8      Foley, Baron & Metzger by Richard S. Baron, Esq., appeared
9  on behalf of Defendant Hoyt Corporation.

10     Law Offices of Jeffrey D. Bohn by Julie Jones, Esq.,
11 appeared on behalf of Defendants Walter Tuttle, individually and
12 as Trustee under the Walter Colburn Tuttle and June Hadley Tuttle
13 Revocable Living Trust dated April 22, 1981, and the Estate of
14 Mary J. Tuttle a/k/a June Hadley Tuttle.

15     Peterson, Wayand & Martin by Alexander M. Weyand, Esq.,
16 appeared on behalf of Defendant Vic Manufacturing Company.

17     Hammerich & Evans by Douglas Lackey, Esq., appeared on
18 behalf of Defendant MBL.

19 III.  Summary of Pleadings.

20     1.  **The Complaint**.  The Plaintiffs filed the Complaint on
21 April 16, 2008.

22     2.  **Answers to the Complaint**.  Ichimoto, the Jamisons, the
23 Wolfes, Vic M. Jamison, the Ratzloffs, Hoyt and the Tuttles have
24 filed Answers to the Complaint.

25     3.  **Counterclaims**.  Ichimoto, the Jamisons, the Wolfes, M.
26 Jamison, the Ratzloffs, Hoyt and the Tuttles have filed
27 Counterclaims against the Plaintiffs.  The Counterclaim filed on
28 behalf of the Estate of John O. Jamison has been dismissed

without prejudice.

4. <u>Cross-claims</u>. No Cross-claims have been filed. Hoyt, the Jamisons, and the Ratzloffs intend to file a Cross-claim against the other defendants. The Wolfes may file cross-claims against other defendants.

5. <u>Voluntary Dismissals</u>. Plaintiffs have voluntarily dismissed defendants Everette Rose and the Estate of John O. Jamison without prejudice.

6. The parties do not currently anticipate adding additional parties.

7. <u>Site Owners</u>. The Ratzloffs currently own the 40423 Highway 41 property located in Oakhurst, California. Ichimoto, as Trustee, is the current owner of the property located at 40366 and 40368 Highway 41.

8. <u>Former Owner Defendants</u>. Margaret, William and Cinda Jamison were former owners of 40366 Highway 41, Oakhurst. Tuttle was the previous owner of the property located at 40423 Highway 41, Oakhurst, California, County of Madera.

9. <u>The Operator Defendants</u>. The Wolfes, among others, were former operators of the dry cleaning facility located at 40366 Highway 41.

10. <u>The Equipment Manufacturer Defendants</u>. Plaintiffs allege that Hoyt and Hoffman/New Yorker, Inc., supplied dry cleaning machinery to the dry cleaning facility located at 40366 Highway 41. Plaintiffs allege that Vic provided dry cleaning machinery to the dry cleaning facility located at 40441 Highway 41.

11. The First Claim for Relief seeks recovery from all

3

defendants under section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), for all or a portion of the recoverable response costs incurred by Plaintiffs.

12.  The Second Claim for Relief seeks recovery from all defendants under section 113 of CERCLA, 42 U.S.C. § 9613, for all or a portion of the recoverable response costs incurred by Plaintiffs.

13.  The Third Claim for Relief seeks declaratory relief against all defendants under section 113(g)(2) of CERCLA, that defendants are liable to Plaintiffs for all or a portion of response costs incurred in response to the release of hazardous substances at the Sites.

14.  The Fourth Claim for Relief seeks contribution and/or indemnity against all defendants under the California Health and Safety Code section 25363 for all or a portion of amounts that Plaintiffs have or may incur in the future in response to the release of hazardous substances at the Sites.

15.  The Fifth Claim for Relief seeks equitable indemnity and/or contribution against all defendants.

16.  The Sixth, Seventh and Eighth Claims for Relief seek damages against all Defendants based on state law tort theories of continuing nuisance, negligence, and trespass, respectively.

17.  The Ninth Claim for Relief seeks damages against Technichem and M.B.L. based on the state law tort theory of products liability.

18.  The Tenth Claim for Relief seeks declaratory relief against all defendants based on California Health and Safety Code

4

section 25363 and CERCLA section 113(g)(2).

19.  The Eleventh Claim for Relief seeks injunctive relief against all Defendants under California Code of Civil Procedure sections 526 and 731.

20.  Hoyt's Counterclaim seeks contribution under § 113 of CERCLA, declaratory relief under CERCLA, contribution and indemnity under the Hazardous Substances Account Act, declaratory relief under the Hazardous Substances Account Act and equitable contribution.

21.  The Wolfes' Counterclaim seeks contribution, declaratory relief and equitable indemnity against Plaintiffs.

22.  The Tuttle Counterclaim includes claims for negligence, indemnification, breach of contract, and nuisance.

23.  Counter-Claimant Margaret A. Jamison and Counter-Claimants Drew and Cindy Ratzloff seek contribution, declaratory relief and equitable indemnity against Plaintiffs/Counter-Defendants Rodney and Patricia Schultz and Counter-Claimant Margaret A. Jamison seeks express indemnity and damages for negligence and nuisance against Counter-Defendants Rodney and Patricia Schultz.

24.  Ichimoto's Counterclaim seeks full equitable and contractual indemnity or in the alternative, partial equitable indemnity based upon the fact that Counter-Defendants operated the dry cleaning operations on the subject property, which are the subject of this lawsuit.  As such, Counter-Defendants should be held accountable for their actions, not Ichimoto as the current property owner.  Ichimoto also seeks compensatory damages according to proof, attorney fees and expenses.

25.  Jamisons' Counterclaim seeks full equitable and contractual indemnity or in the alternative, partial equitable indemnity based upon the fact that Counter-Defendants operated the dry cleaning operations on the subject property, which are the subject of this lawsuit.  As such, Counter-Defendants should be held accountable for their actions, not Jamisons, as the current property owner.  Jamisons seek compensatory damages according to proof, attorney fees and expenses.

27.   Technicam has communicated, through counsel, with Plaintiff.  M.B.L. has not responded through counsel.  Plaintiff shall notify Defendants Technicam and M.B.L. that their appearance, if they intend to contest the action, must be filed on or before March 24, 2009.

IV.  Orders Re Amendments To Pleadings.

1.   The parties do not anticipate amending the pleadings at this time.

V.   Factual Summary.

A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1.   Not provided by the parties.

B.   Contested Facts.

1.   The nature, extent and cause of any release of hazardous substances at the disputed site.

2.   Whether Plaintiffs are entitled to recover for any harm under environmental protection laws of the United States, and common law claims for nuisance, negligence, trespass, and the like.

3.   Whether any responsible parties and potentially

responsible parties are liable to Plaintiffs and/or each other for contribution and/or indemnity.

       4.   All remaining facts concerning the parties' claims are disputed.

VI. Legal Issues.

   A.   Uncontested.

       1.   Jurisdiction exists under 28 U.S.C. § 1331, 42 U.S.C. §§ 9607 and 9614(b); 28 U.S.C. § 2201; and for supplemental claims, 28 U.S.C. § 1367.

       2.   Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 9607 and 9613(b), because of the alleged acts, omissions, releases and damages giving rise to Plaintiffs' claims occurred in this judicial district and the property that is the subject of this action is situated in this judicial district.

   B.   Contested.

       1.   All remaining legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

   1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

   1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

       2.   Defendant Hoyt Corporation is not a subsidiary of any

7

1  corporation, and no publically traded corporation owns more than
2  10% of the stock of Hoyt Corporation.
3  IX.   Discovery Plan and Cut-Off Date.
4       1.    Pursuant to Federal Rules of Civil Procedures, Rule
5  26(f), counsel for the parties have met and conferred regarding
6  the issues specified in that Rule.
7       2.    The parties do not propose that any changes be made in
8  the limitations on discovery imposed under the Federal Rules of
9  Civil Procedure or the Local Rules of this Court or that any
10 other limitations on discovery be imposed at this time.  The
11 parties will meet and confer in good faith to resolve any
12 discovery issues as they may arise.
13      3.    The subjects of discovery will include, without
14 limitation, each party's alleged liability under CERCLA (and the
15 HSAA), the equitable allocation of liability among the parties,
16 Plaintiffs' alleged response costs and damages, the costs to
17 further investigate and remediate the Site, the alleged defects
18 in dry cleaning equipment manufactured by Hoffman, Hoyt and Vic,
19 and the alleged inadequacy of the direction and guidance provided
20 by M.B.L. and Technichem relating to the proper delivery,
21 handling, storage, and disposal of PCE.
22      4.    The parties have already exchanged initial disclosures
23 required by Rule 26(a)(1) of the Federal Rules of Civil
24 Procedure.
25      5.    The parties are ordered to complete all non-expert
26 discovery on or before May 31, 2010.
27      6.    The parties are directed to disclose all expert
28 witnesses, in writing, on or before June 10, 2010.  Any rebuttal

or supplemental expert disclosures will be made on or before July 15, 2010.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

   7.   The parties are ordered to complete all discovery, including experts, on or before August 31, 2010.

   8.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

   1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before September 15, 2010, and heard on October 22, 2010, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

   2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

   3.   All Dispositive Pre-Trial Motions are to be

filed no later than October 15, 2010, and will be heard on November 15, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI. Pre-Trial Conference Date.

    1.    January 10, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.    Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached. Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII. Trial Date.

    1.    March 29, 2011, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    At the present time, the parties have demanded jury on jury triable issues. There is no right to jury trial on CERCLA

claims.

  3. Counsels' Estimate Of Trial Time:

    a. 30-45 days.

  4. Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

  1. A Settlement Conference is scheduled for September 14, 2010, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

  2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

  3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

  4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The

statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

     5.   The Confidential Settlement Conference Statement shall include the following:

         a.   A brief statement of the facts of the case.

         b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

         c.   A summary of the proceedings to date.

         d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

         e.   The relief sought.

         f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.  Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

     1.   None.

XVI. Related Matters Pending.

     1.   There are no related matters.

**XVII.     Compliance With Federal Procedure.**

   1.    The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XVIII.    Effect Of This Order.**

   1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

   2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

   3.    Failure to comply with this order may result in

IT IS SO ORDERED.

Dated:   February 20, 2009                /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE

13