UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY SCHULTZ and PATRICIA SCHULTZ,<br><br>          Plaintiffs,<br><br>    v.<br><br>SAKAYE ICHIMOTO, *et al.,*<br><br>          Defendants. | 1:08-CV-526-OWW-SMS<br><br>ORDER RE: REQUEST FOR SUPPLEMENTAL BRIEFING |
| AND RELATED ACTIONS | |

## I. INTRODUCTION.

The present dispute involves several motions for attorneys' fees filed by Defendants Margaret Jamison, Sakaye Ichimoto, and William and Cinda Jamison. The request for supplemental briefing is limited to Defendant Margaret Jamison's motion for attorneys' fees, filed on May 14, 2010.

On April 16, 2008, Plaintiffs commenced this action against Defendants Margaret Jamison, Sakaye Ichimoto, and William and Cinda Jamison to recover costs/damages resulting from environmental

1

contamination of real property located in Oakhurst, California.

On March 1, 2009, Defendant M.B.L., Inc., moved to dismiss Plaintiffs' second cause of action on grounds that they lacked standing.[1] The second cause of action was dismissed with prejudice on September 16, 2009. On January 25, 2010, Defendants George and Frances Wolfe[2] filed a motion for judgment on the pleadings or for summary judgment on Plaintiffs' first claim for cost recovery under CERCLA § 107, second claim for declaratory relief under CERCLA § 113, and fourth claim for relief under California Health and Safety Code § 25363(e).[3] On March 18, 2010, the motion was granted.[4]

On April 30, 2010, Defendants Sakaye Ichimoto and William and Cinda Jamison separately moved for attorney fees based on "prevailing party" status. Defendant Margaret Jamison filed her motion for fees on May 14, 2010.

Plaintiffs filed a single opposition to the motions on June 28, 2010. As to Defendant Margaret Jamison's motion for fees, Plaintiffs argued her motion was untimely under Rule 54(d)(2)(b)(I). In particular, Plaintiffs asserted that because

---

[1] Defendant M.B.L., Inc. is not a party to the current dispute.

[2] Defendants George and Frances Wolfe are not parties to the current dispute.

[3] Defendants Margaret Jamison, Sakaye Ichimoto, and William and Cinda Jamison joined the motion in February 2010. Plaintiffs Rodney and Patricia Schultz filed a statement of non-opposition to the motion on March 8, 2010.

[4] Plaintiffs' claims under CERCLA §§ 107, § 113, and California Health and Safety Code § 25363(e) were dismissed for lack of subject matter jurisdiction. The state law claims were dismissed pursuant to 28 U.S.C. § 1367(c)(3).

Defendant Margaret Jamison filed her motion more than 14 days after the entry of final judgment, the relevant time-frame under Rule 54(d)(2)(b)(I), her motion was untimely.[5]  It is undisputed that Margaret Jamison's motion for fees was not filed until May 14, 2010, twenty-eight days after judgment was entered in this case.

Defendant Margaret Jamison did not respond to Plaintiffs' timeliness arguments via written reply. However, at oral argument, counsel for Ms. Jamison argued that her client was "the prevailing party under CERCLA based on Federal Rule of Civil Procedure 54(d)." Counsel further stated:

> The motion for attorney's fees is brought under California Code of Civil Procedure Section 1033.5.  And that's based on contract.  And the time frame for filing should be brought under California law, 30 days, hence Margaret Jamison's motion is timely.

(Reporter's Transcript, July 14, 2010, 23:2-23:7.)

Normally, arguments raised for the first time in a reply brief or at the hearing on a motion are disregarded.  *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992); *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001).  However, a review of the record reveals that Ms. Jamison cited both Rule 54 and § 1033.5 in her motion, without identifying which provision controls the timeliness of her motion and why.  Critically, Ms. Jamison's motion addressed only her entitlement to attorneys' fees based on "prevailing party" status, disregarding the timeliness issue (and the relevant legal analysis). Additionally, Ms. Jamison elected not to file a written reply despite the fact that

Plaintiffs specifically objected to her motion on timeliness grounds. At oral argument, she argued for the first time that § 1033.5 controlled the procedural events in this case, not Rule 54(d)(2)(b)(I). As such, Plaintiffs were deprived of an opportunity to support their arguments, which were properly raised via written opposition.

Here, if Federal Rule 54 applies, as Plaintiffs claim, then Ms. Jamison's motion is untimely and is denied for that reason. On the other hand, if § 1033.5 provides the applicable time period, her motion is timely and Plaintiffs' objections fail. Without additional briefing on whether federal or state law provides the relevant time-frame, Ms. Jamison's motion for attorneys' fees cannot be decided. Supplemental briefing, not to exceed five (5) pages, is requested on the following issues:[6]

1) Why does California Code of Civil Procedure § 1033.5 control the timeliness analysis in this case? Specifically, given that the only claim dismissed with prejudice was purely federal (CERCLA), why would state procedural law provide the limitations period? Please address the impact of: (1) that the state law claims were dismissed without prejudice; and (2) that the underlying basis of the lawsuit was environmental contamination, not breach of contract.

///
///

---

[6] The delineated questions are not exhaustive. The parties are free to address any line of argument that supports their positions.

**4**

Defendant Margaret Jamison may before 5:00 p.m. on August 18, 2010, submit supplemental briefing on these questions. Any written opposition is due August 25, 2010. Supplemental briefing shall not exceed five (5) pages per side.

IT IS SO ORDERED.

**Dated:   August 10, 2010**                   /s/ Oliver W. Wanger
                                               UNITED STATES DISTRICT JUDGE

**5**