UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RODNEY SCHULTZ and PATRICIA SCHULTZ, <br><br> Plaintiffs, <br><br> v. <br><br> SAKAYE ICHIMOTO, *et al.*, <br><br> Defendants. | 1:08-CV-526-OWW-SMS <br><br> MEMORANDUM DECISION AND ORDER RE: DEFENDANT MARGARET JAMISON'S MOTION FOR ATTORNEY'S FEES (Doc. 189) |
|---|---|

## I. INTRODUCTION.

Before the Court for decision is Defendant Margaret Jamison's motion for attorney fees. (Doc. 189.) Plaintiffs Rodney and Patricia Schultz oppose the motion on grounds that it was untimely under Federal Rule of Civil Procedure Rule 54(d)(2).

## II. BACKGROUND.

The background of this case is summarized in the Court's previous Memorandum Decision in this case, filed on September 7, 2010, in brief:[1] On April 16, 2008, Plaintiffs commenced this

---

[1] *See, e.g., Schultz v. Ichimoto,* No. 1:08-CV-526-OWW-SMS, 2010 WL 3504781 (E.D. Cal. Sep. 7, 2010).

**1**

**action against Defendants Margaret Jamison, Sakaye Ichimoto, and William and Cinda Jamison to recover costs/damages resulting from environmental contamination of real property located in Oakhurst, California.[2]  (Doc. 1.)  On April 1, 2009, Defendant M.B.L., Inc., moved to dismiss Plaintiffs' second cause of action on grounds that Plaintiffs lacked standing.[3]  (Doc. 117.)  Defendant Margaret Jamison joined the motion on September 13, 2009.[4]  (Doc. 130.)  The second cause of action was dismissed with prejudice on September 16, 2009.  (Doc. 138.)**

**On January 25, 2010, Defendants George and Frances Wolfe filed a motion for judgment on the pleadings or for summary judgment on Plaintiffs' first claim for cost recovery under CERCLA § 107, second claim for declaratory relief under CERCLA § 113, and fourth claim for relief under California Health and Safety Code § 25363(e).[5]  (Doc. 142.)  Defendant Margaret Jamison joined the motion on February 25, 2010.  (Doc. 156.)  On March 18, 2010, the motion was granted.  (Doc. 166.)  Plaintiffs' claims under CERCLA §§ 107, § 113, and California Health and Safety Code § 25363(e) were dismissed for lack of subject matter jurisdiction.  (Id.)  The state law claims were dismissed pursuant to 28 U.S.C. § 1367(c)(3).**

---

[2] Plaintiffs also named as Defendants a number of adjacent property owners, former leaseholders, dry cleaning operators, and manufacturers of dry cleaning products.

[3] Defendant M.B.L., Inc. is not a party to this motion and has not separately filed a motion for attorney's fees.

[4] Defendant Sakaye Ichimoto joined the motion on May 21, 2009. (Doc. 124.)

[5] Defendants George and Frances Wolfe are not a party to this motion and have not separately filed a motion for attorney's fees.

2

(Id.)

Final judgment was entered on April 16, 2010.  (Doc. 182.)

On April 30, 2010, Defendants Sakaye Ichimoto and William and Cinda Jamison separately moved for attorney fees.[6]  (Docs. 183 and 187.)  Defendant Margaret Jamison filed her motion for fees on May 14, 2010.  (Doc. 189.)  She requests $22,200.25 in fees based on her "prevailing party" status.  (Id.)

### III.  DISCUSSION

A.  *Supplemental Briefing*

In their opposition to this motion, filed on June 28, 2010, Plaintiffs argued that because Ms. Jamison filed her motion more than 14 days after the entry of final judgment, her motion was untimely.  Defendant Margaret Jamison did not respond to Plaintiffs' timeliness arguments via written reply.  At oral argument, however, Ms. Jamison's counsel argued that her client was "the prevailing party under CERCLA based on Federal Rule of Civil Procedure 54(d)."  Counsel further stated:

> The motion for attorney's fees is brought under California Code of Civil Procedure Section 1033.5.  And that's based on contract.  And the time frame for filing should be brought under California law, 30 days, hence Margaret Jamison's motion is timely.

(Reporter's Transcript, July 14, 2010, 23:2-23:7.)

On August 10, 2010, the Court requested additional briefing on the issue of timeliness:

---

[6] Defendants Sakaye Ichimoto and William and Cinda Jamison's motions for attorney's fees were resolved by separate memorandum decision.  (Doc. 209.)

3

> **Normally, arguments raised for the first time in a reply brief or at the hearing on a motion are disregarded. See United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992); United States v. Boyce, 148 F.Supp.2d 1069, 1085 (S.D. Cal. 2001). However, a review of the record reveals that Ms. Jamison cited both Rule 54 and § 1033.5 in her motion, without identifying which provision controls the timeliness of her motion and why. Critically, Ms. Jamison's motion addressed only her entitlement to attorneys' fees based on "prevailing party" status, disregarding the timeliness issue (and the relevant legal analysis). Additionally, Ms. Jamison elected not to file a written reply despite the fact that Plaintiffs specifically objected to her motion on timeliness grounds. At oral argument, she argued for the first time that § 1033.5 controlled the procedural events in this case, not Rule 54(d)(2)(b)(I). As such, Plaintiffs were deprived of an opportunity to support their arguments, which were properly raised via written opposition.**

*Schultz v. Ichimoto,* No. 1:08-CV-526-OWW-SMS, 2010 WL 3210764 (E.D. Cal. Aug. 10, 2010).

The parties filed their supplemental briefs on September 18 and 25, 2010.  (Docs. 206 and 208.)

B.   *Merits*

Plaintiffs argue that Ms. Jamison's motion for attorneys' fees should be denied as untimely, i.e., the motion was filed after the time required under Federal Rule of Civil Procedure 54.

Under Rule 54 of the Federal Rules of Civil Procedure, a motion for attorney's fees must be filed "no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(I).  In this case, final judgment was entered on April 16, 2010.  (Doc. 182.) Defendant Margaret Jamison's motion for attorney's fees was not filed until May 14, 2010, twenty-eight (28) days after judgment was entered.  Accordingly, Defendant's May 14, 2010 motion for fees was

4

untimely filed.

A district court may, however, "for good cause, extend the time [...] on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining whether a party's neglect is excusable, Courts consider: 1) the danger of prejudice to the opposing party, 2) the length of delay caused by the neglect and its impact on judicial proceedings, 3) the reason for delay, and whether it was in the reasonable control of the moving party, and 4) the existence of good faith on the part of the moving party. *See, e.g., United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004). Here, Ms. Jamison does not provide a single reason for failing to comply with 54(d)(2) in this case. More problematic is that she did not request an extension of the deadline despite three other parties timely moving for fees and costs; she also filed the motion without seeking leave of Court. Ms. Jamison does not provide a sufficient basis on which the Court may permit a late filing.

In her supplemental briefing, Ms. Jamison argues Rule 54 is not applicable here. Citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938), Ms. Jamison suggests that state procedural rules apply in this case because her motion for fees is "substantively and procedurally based on California law."[7] According to her, the fee motion was timely because "state procedural rules that are intimately bound with substantive law may apply in federal actions where they in fact serve substantive state policies and more

---

[7] Specifically, Ms. Jamison contends that the motion is timely because it was filed within § 1033.5's thirty-day timeframe.

5

properly rules of substantive law within the meaning of Erie." (Doc. 206 at 3:12-3:16.)

Erie and its progeny, however, do not support Ms. Jamison's arguments in this case. Pursuant to the Erie principles, "federal courts sitting in diversity apply state substantive law and federal procedural law." *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 837 (9th Cir. 2001). The Ninth Circuit has made clear that "Rule 54 establishes the *procedure* to obtain attorney's fees, and a party seeking attorney's fees must provide another source for the award of fees such as a rule, statute, or contract." *Drake v. Lowe's Cos., Inc.*, No. 04-0142-FCD-JFM, 2005 WL 2562653, at *2 (E.D. Cal. Oct. 11, 2005) citing *MRO Commc'ns, Inc. v. AT & T Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999)(emphasis added)). The California statutes cited by Ms. Jamison provide the "source" or "substance" to recover fees, they do not, however, provide the procedural mechanism to perfect that alleged right in this case, which falls within the exclusive ambit of Rule 54(d)(2). *See Reudy v. Clear Channel Outdoors, Inc.*, 693 F. Supp. 2d 1091, 1098-99 (applying Rule 54(d)(2)'s 14-day timing requirement to award attorney fees under fee provision in parties' agreement, California Civil Code § 1717 and Code of Civil Procedure §§ 1021 & 1033.5.).

Ms. Jamison cites no authority for the proposition that a state statute providing for recovery of attorney's fees as "costs" preempts or otherwise supplants Rule 54(d)(2)'s procedural requirements. This is especially true given that Ms. Jamison seeks

6

fees based on her "prevailing party" status.[8]  *Compare Bianco v. Erkins*, 341 F. App'x 329, 331-32 (9th Cir. 2009) (motion for an award of attorneys' fees was not time-barred under Rule 54(d)(2) because Plaintiff "sought an award for postjudgment attorneys' fees and costs incurred in attempting to collect on a judgment, not an award of fees as a prevailing party that would be subject to the federal or local rules requiring that requests be made within fourteen days.") with *Kearney v. Foley and Lardner,* 553 F. Supp. 2d 1178, 1182 (S.D. Cal. 2008) (determining that Rule 54(d)(2)'s 14-day timing requirement applied to the prevailing party's motion for fees).[9]

Since Plaintiff did not file her motion for fees by May 1, 2010, the relevant time-frame under Rule 54(d)(2), her motion is untimely and is DENIED.  Because the motion is resolved on the basis of federal procedural law, it is unnecessary to resolve whether Ms. Jamison can pursue a claim for legal fees in state court.

//
//

---

[8] As explained in the September 7, 2010 Memorandum Decision, Ms. Jamison was a "prevailing party" as to the federal CERCLA claims only.  *See Schultz v. Ichimoto*, No. 1:08-CV-526-OWW-SMS, 2010 WL 3504781, at *2-3.  The state law claims were dismissed without prejudice.  Id.

[9] In *Kearney v. Foley and Lardner*, the Court determined "that Rule 54 was applicable and therefore, the filing of defendants' motion for attorneys' fees was late." *Id.* at 1182.  However, the Court held that the "that defendants had demonstrated excusable neglect under Federal Rule of Civil Procedure 6(b)(2), and plaintiff would suffer no prejudice if an extension of time was granted." *Id.*  There was no such showing in this case.

**V.  CONCLUSION.**

**For the above reasons:**

**1.   Defendant Margaret Jamison's motion for attorney's fees is DENIED.**

IT IS SO ORDERED.

**Dated:   November 8, 2010**              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE