

| | |
|---|---|
| 1 | Kenton J. Klassen, Esq. #124118 |
| | **DOWLING, AARON & KEELER, INC.** |
| 2 | 8080 North Palm Avenue, Third Floor |
| | P.O. Box 28902 |
| 3 | Fresno, California 93729-8902 |
| | Tel: (559) 432-4500 / Fax: (559) 432-4590 |
| 4 | kklassen@daklaw.com |

Attorneys for Defendants/Counterclaimants WILLIAM O. JAMISON and CINDA JAMISON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODNEY SCHULTZ AND PATRICIA SCHULTZ, | | Case No. 1:08-CV-00526-OWW-SKO |
| Plaintiffs, | | **APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION OF JUDGMENT DEBTORS RE: ENFORCEMENT OF JUDGMENT** |
| vs. | | |
| SAKAYE ICHIMOTO, INDIVIDUALLY AND AS TRUSTEE OR SUCCESSOR UNDER THE ICHIMOTO TRUST AGREEMENT DATED SEPTEMBER 22, 1988; ESTATE OF GEORGE T. ICHIMOTO; WALTER COLBURN TUTTLE, INDIVIDUALLY AND AS TRUSTEE UNDER THE WALTER COLBURN TUTTLE AND JUNE HADLEY TUTTLE REVOCABLE LIVING TRUST AGREEMENT DATED APRIL 22, 1981; ESTATE OF MARY J. TUTTLE, ALSO KNOWN AS JUNE HADLEY TUTTLE, DECEASED; DREW A. RATZLOFF, INDIVIDUALLY AND AS TRUSTEE OF THE RATZLOFF FAMILY TRUST; CINDY RATZLOFF, INDIVIDUALLY AND AS TRUSTEE OF THE RATZLOFF FAMILY TRUST; GEORGE A. WOLFE; FRANCES E. WOLFE; EVERETTE ROSE; ESTATE OF ELZY B. LUNA, DECEASED; ESTATE OF WOODROW DONATHAN, DECEASED; JEWEL DONATHAN; CLARENCE SOLTAU; EDELTRUDE SOLTAU; ARTHUR HINKLEY; MAYBELLE HINKLEY; ANTHONY ALVES, INDIVIDUALLY AND DBA ALVES AND WILLIAMS ENTERPRISES; DEVERE WILLIAMS, INDIVIDUALLY AND DOING BUSINESS AS ALVES AND WILLIAMS | | Date: January 12, 2011<br>Time: 9:30 a.m.<br>Ctrm: No. 8 |

| | |
|---|---|
| ENTERPRISES; WILLIAM O. JAMISON; CINDA JAMISON; ESTATE OF JOHN O. JAMISON, DECEASED; MARGARET A. JAMISON; ESTATE OF MARSHALL PRICE, DECEASED; JUANITA PRICE; TECHNICHEM, INC., A CALIFORNIA CORPORATION; M.B.L., INC., A CALIFORNIA CORPORATION; HOFFMAN/NEW YORKER, INC. DBA NJHNY, INC., A PENNSYLVANIA CORPORATION; HOYT CORPORATION, A MASSACHUSETTS CORPORATION; VIC MANUFACTURING COMPANY, A MINNESOTA CORPORATION, | |
| Defendants. | |
| WILLIAM O. JAMISON AND CINDA JAMISON, | |
| Counterclaimants, | |
| vs. | |
| RODNEY SCHULTZ AND PATRICIA SCHULTZ, | |
| Counterdefendants. | |

Judgment Creditors WILLIAM O. JAMISON and CINDA JAMISON apply for an order requiring RODNEY SCHULTZ and PATRICIA SCHULTZ to appear and furnish information to aid in enforcement of the money judgment for attorney fees, pursuant to Memorandum Decision and Order re: Motions for Attorney's Fees filed September 7, 2010, as Document 209 in this action, or to answer concerning property or debt.

The persons to be examined are the judgment debtors. The judgment debtors reside or have a place of business in this county or within 150 miles of the place of examination.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This application is executed this 8th day of November, 2010, at Fresno, California.

/s/Kenton J. Klassen
KENTON J. KLASSEN
Attorneys for Defendants/Counterclaimants
WILLIAM O. JAMISON and CINDA JAMISON



2
**APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION OF JUDGMENT DEBTORS
RODNEY SCHULTZ AND PATRICIA SCHULTZ RE: ENFORCMENT OF JUDGMENT**

## ORDER TO APPEAR FOR EXAMINATION

Federal Rule of Civil Procedure 69 governs enforcement of judgment proceedings in federal courts. *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996).

Fed. R. Civ. P. 69(a) provides as follows:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Judgment debtor proceedings under California law "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *Imperial Bank v. Pim Elec., Inc.*, 33 Cal. App. 4th 540, 546-47; Cal. Civ. Proc. Code §§ 708.110-708.205. Debtor examinations are intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtors, *Hooser v. Sup. Ct.*, 84 Cal. App. 4th 997, 1002 (2000), and "to leave no stone unturned in the search for assets which might be used to satisfy the judgment." *Troy v. Sup. Ct.*, 186 Cal. App. 3d 1006, 1014 (1986).

Under California law, "[t]he judgment creditor shall personally serve a copy of the order [for the examination] on the judgment debtor not less than 10 days before the date set for examination. Service shall be made in the manner specified in [Cal. Civ. Proc. Code] Section 415.10." Cal Civ. Proc. Code §708.110(d).

On September 7, 2010, the District Court issued an order awarding Defendants William and Cinda Jamison attorneys' fees and "fees-on-fees" in the amount of $15,759.60 against Plaintiffs Rodney and Patricia Schultz. In enforcing this judgment, Defendants William and Cinda Jamison have filed this application for an order for appearance and examination of Judgment Debtors Rodney and Patricia Schultz.

Accordingly, IT IS HEREBY ORDERED:

1. **RODNEY SCHULTZ and PATRICIA SCHULTZ ARE EACH ORDERED TO APPEAR** personally before the Magistrate Judge of this Court, to furnish information

to aid in enforcement of a money judgment against you, on **January 12, 2011, at 9:30 a.m., in Courtroom No. 8, at the United States District Court, Eastern District of California, 2500 Tulare Street, Fresno, California, 93721;**

2. Defendants WILLIAM O. JAMISON and CINDA JAMISON are to effect personal service of this order upon Plaintiffs RODNEY SCHULTZ and PATRICIA SCHULTZ. Process may be served by a sheriff, marshal, or registered process server;

3. A certificate of personal service shall be filed promptly with the Court; and

4. If RODNEY SCHULTZ and PATRICIA SCHULTZ fail to appear at the time and place specified in this order, they may be subject to arrest and punishment for contempt of Court, and the Court may issue an order requiring them to pay the reasonable attorneys' fees incurred by the judgment creditor in this proceeding.

IT IS SO ORDERED.

Dated: __**November 10, 2010**__    _____**/s/ Sheila K. Oberto**_____
                                     UNITED STATES MAGISTRATE JUDGE

